CASE 100—INDICTMENT—JANUARY 29.

## Commonwealth v. Eversole.

APPEAL FROM OWSLEY CIRCUIT COURT.

INDICTMENT—VARIANCE.—Under an indictment for aiding a prisoner to escape, an averment that he was detained on a charge of murder is made good by evidence of detention on a charge of manslaughter, as murder includes manslaughter.

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLANT.

There is no variance. Whether the charge was murder or manslaughter is immaterial, both being felonies. If one had been a felony and the other a misdemeanor the case would be different. (Ky. Stats., sec. 1239; Tully v. Commonwealth, 11 Bush, 154.)

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

Appellee was indicted, under section 1239 of the Kentucky Statutes, for aiding a prisoner to escape from jail, who was detained on a charge of felony, and the indictment alleged that the prisoner "was at the time confined in said jail and detained there upon a charge of *murder.*" The evi-

dence upon the trial showed the defendant to have been detained upon the charge of *voluntary manslaughter*, and the court gave a peremptory instruction for the defendant, upon the ground that the variance was fatal.

We are of opinion that the court below erred in this ruling. The gravamen of the charge is the aiding a prisoner to escape, who was detained on a charge of felony. Both murder and manslaughter are felonies, and are degrees of homicide, the latter being included in the former. A conviction of manslaughter might be had under an indictment for murder. And in an indictment for aiding a prisoner to escape, an averment that he was detained on a charge of murder is made good by evidence of detention on a charge of manslaughter, because murder includes manslaughter. Bishop's New Criminal Procedure, section 488, e., 4; State v. Cody, 1 Winst., 197.

Wherefore it is ordered that this opinion be certified to the lower court.